NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WYNDHAM HOTELS AND RESORTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RHONDA & SONS, INC. AND MUNIR CHAUDRY <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No.10-CV-02868 (DMC)(JAD) |

**DENNIS M. CAVANAUGH, U.S.D.J.**:

  This matter comes before the Court upon motion by Rhonda and Sons, Inc. and Munir Chaudry ("Defendants") to set aside default judgment entered by this Court on January 10, 2011, and for leave to file an answer out of time. For the reasons contained herein, Defendant's motion is **denied.**

**I.     BACKGROUND**

  The parties entered into a franchise agreement on May 30, 2008 which gave Defendant the right to operate a 178 room Wyndham hotel in Overland Park, Kansas for a twenty year period. The franchise agreement contained a lengthy addendum which detailed improvements and renovations that Wyndham required the franchisee to perform according to a fixed schedule. On October 14, 2008, as per the franchise agreement, a representative of Plaintiff made an inspection of the hotel property that was operated pursuant to the franchise agreement, and allegedly found problems with

both financial and quality compliance, and reported that Defendant was in violation of the requirement that he operate the facility in compliance with Wyndham's system standards. Defendant was given notice by letter, and was instructed to cure the alleged deficiencies within 30 days. On December 18, 2009, Plaintiff sent Defendant a notice of default. Default was entered by the clerk of the Court on July 20, 2010, and a second request for default was entered on December 15, 2010. In the interim, Defendant engaged local counsel to attempt a negotiated settlement. Those negotiations apparently continued without success from May until December 7, 2010, at which point Plaintiff notified Defendant's attorney by e-mail that a settlement was no longer possible. On December 20, 2010 Defendant's received copies of Plaintiff's Notice of Motion for Judgment by Default and Statement in lieu of Brief, in addition to declarations of Lisa M. Gonzalo and Suzanne Fenimore, and a proposed form of final judgment. Defendant avers that he misunderstood the Notice, which indicated the motion date as January 18, 2011, and believed he had until that date to reply. On January 10, 2011 this Court entered Final Judgment and an Order granting Plaintiff's motion for default judgment in the amount of $381,541.64. The instant motion followed.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) permits parties to petition federal courts for relief from final judgments. When deciding whether to set aside a default judgment in particular, district courts are guided by a three-part test. They must consider: (1) whether the plaintiff will be prejudiced if the default judgment is set aside; (2) whether the defendant has a meritorious defense; and (3) whether the default was the product of the defendant's culpable conduct.

*Nationwide Mut. Ins. V. Starlight Ballroom Dance Club, Inc*. 175 Fed. Appx. 519, 522, 2006 WL 623074, 2 (C.A.3(Pa.), 2006), citing *Harad v. Aetna Cas. & Sur. Co.*, 839 F. 2d 979, 981 (sd Cir., 1988). Although all three factors must be weighed, "the threshold issue in opening a default judgment is whether a meritorious defense has been asserted. *Hritz v. Woma Corp*. 732 F.2d 1178, 1181 (C.A.Pa.,1984) Defendants do not "have the right to have a default judgment set aside automatically upon alleging a defense." *Harad,* 839 F.2d at 982. Our standard is more stringent; it requires a defendant to "set forth with some specificity the grounds for his defense." *Id.* We then look at the substance of that defense to determine whether it is meritorious. *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.* 175 Fed.Appx. 519, 522, 2006 WL 623074, 2 (C.A.3 (Pa. (C.A.3 (Pa.),2006). Decisions to set aside default judgments are left to the discretion of the district court, but doubtful cases should be resolved in favor of the party moving to set aside the default judgment so that cases, when possible, may be decided on their merits. *U.S. v. $55,518.05 in U.S. Currency* 728 F.2d 192, 194 -195 (C.A.Pa.,1984) citing *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir.1951).

### III.   DISCUSSION

Defendants have made only the most minimal showing of a meritorious defense, the threshold requirement for the Court to analyze in setting aside a default judgment. Regrettably, they have included no evidence in support of their contention that Defendants could succeed on the merits if the case were to proceed to trial. *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 195 (3d Cir.1984) establishes that a meritorious defense is one in which "allegations of defendant's answer, if established at trial, would constitute a complete defense to the action." However, the Defendant may not establish a meritorious defense with "simple denials or

4

conclusory statements," rather, as the Court held in *Worldwide Associates, Inc. v. Golden Mark Maintenance Ltd.* 2000 WL 795894, 1 (E.D.Pa.) (E.D.Pa.,2000), the Defendant must assert "specific facts" supporting its meritorious defense. *U.S. Currency,* 728 F.2d at 195; *see also NuMed Rehabilitation,* 187 F.R.D. at 224 ( *quoting U.S. Currency* ); *Kauffman,* 37 F.Supp.2d at 405 (same).

    Recognizing the important goal of deciding cases on the merits, the Court has searched Defendant's motion for anything that would rise above a simple denial or conclusory statement. Defendant raises nine defenses. The first two concern the sufficiency of the declarations that Plaintiff attached from Ms. Fenimore, Plaintiff's Director of Compliance. First, Defendant maintains that Ms. Fenimore's declaration "consists almost entirely of legal arguments and summations."(Defendant's Motion to Set Aside Judgment, ECF Doc. 14, page ID 250) The Court's examination of the declaration finds that to be untrue. Ms. Fenimore's declaration is simply a recitation of the factual history of the dispute between the parties, and the legal obligations which the franchise agreement bound the parties to. Second, Defendant avers that the franchise agreement which is extensively cited by Ms. Fenimore was not attached by Plaintiff to the motion. However, Defendant fails to note that the franchise agreement, as well as the documents related to Defendant's obligation to comply with Wyndham's quality assurance requirements, were submitted to the Court as exhibit A in the original complaint that was filed on June 4, 2010. Thus, Defendant's contention that the "agreement has not been submitted as evidence to this Court" (Defendant's Motion to Set Aside Judgment, ECF Doc. 14, page ID 251) is inaccurate.

    Defendant's third defense, that Plaintiff "altered and backdated the dates that Defendants

5

signed the Franchise Agreement" is unsupported. On the original franchise agreement, appended to the complaint as previously detailed, the Court notes that on the cover page the date "6-6-" is crossed out and replaced with the date "5-30-09." The Court can not ascertain, however, if this minor discrepancy in dates is what Defendant refers to. Without some further documentation, the Court can not credit that bald, albeit serious, assertion. The same is true of Defendant's next two defenses, about which the Court has no evidence beyond assertions about how royalties were calculated, and whether or not monthly reports were filed. The next contention, that Defendant was not using Wyndham marks at the time of the inspection of May 26, 2009 is directly and persuasively refuted by Plaintiff's complaint, specifically the photos allegedly taken on that date appended to the complaint as exhibit G. (ECF Doc. 1-2, page ID 47). Although it appears that there may be some merit to Defendant's argument that the name of the hotel had been changed to "Plaza Hotel," there is nothing to contravert Plaintiff's showing that Wyndham marks were still visible and in use in the hotel's lobby, exercise room, van, and perhaps some outside signage as well. The requirements of the franchise agreement are quite specific, and Defendants have not offered the defense that they actually complied. The last four defenses, once again, are completely unsubstantiated and unsupported. Presumably in the course of a six month settlement negotiation between counsel for both parties, some evidence substantiating Defendant's contentions would have been produced or come to light that would have allowed the Court to credit Defendant's assertions. Absent that, the Court must conclude that the threshold requirement of demonstrating a meritorious defense has not been reached.

 Although the Court need not proceed to the other prongs of the analysis, the Court will briefly consider them. Defendant's argument that their failure to answer was the result of an

6

honest and excusable mistake is unavailing. Although Court documents may be confusing to a layperson, it is hard to credit the bald assertion that Defendant made to the Court on January 18, 2011 that they "worked diligently to obtain counsel from December 7, 2010 to the present," but were hampered in their efforts by the "Christmas and New Year's holidays." (ECF Doc. 14, page ID 250). The Court is dubious, especially in light of the fact that they had previously retained counsel in New Jersey for purposes of conducting settlement talks from May until December 7, 2010. Although the Court hesitates to label this failure to obtain legal advice as "the product of the defendant's culpable conduct," *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 73 (3d Cir.1987, it is hard to frame it in other terms, even if the Court were to accept that the holiday season interfered in some way. It is particularly incredible that Defendant was able to retain a lawyer and submit a motion on January 18th, but was unable to do the same ten days earlier, a week after the holiday season had ended. This case is outside the scope of what could be termed mistake or excusable neglect, as the Court found in a case that was factually analogous, where " Defendants portray [Mr. Top] as an innocent party who ran out of time while struggling to retain counsel and who did not understand the effect of a default judgment," and finding that this was not persuasive. *BP Products North America Inc. v. Top Speed Gas*, LLC 2008 WL 4724006, 5 (D.N.J.) (D.N.J.,2008).

      The third factor relates to prejudice to Plaintiff. Here, the Court finds Defendant's argument to be persuasive, and finds that prejudice to Plaintiff would most likely be minimal. But without the requisite showing of a meritorious defense, that is too little too late.

**IV.**    <u>**CONCLUSION**</u>

      For the reasons stated herein, Defendant's motion to set aside judgment, and answer out

7

of time, is **denied**. An appropriate order follows this Opinion.

S/ Dennis M. Cavanaugh

Dennis M. Cavanaugh, U.S.D.J.

Original: Clerk

cc: All Counsel of Record

Hon. Joseph A. Dickson, U.S.M.J.

File