NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| WYNDHAM HOTELS AND RESORTS, LLC,  :<br>:<br>Plaintiff,  :<br>:<br>v.  :<br>:<br>RHONDA & SONS, INC. AND MUNIR CHAUDRY  :<br>:<br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No.: 2:10-cv-2868 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>

    This matter comes before the Court upon motion by Rhonda and Sons, Inc. and Munir Chaudry ("Defendants") pursuant to L. Civ. R. 7.1(I) asking this Court to reconsider its March 1, 2011 Opinion that declined to set aside default judgment entered by this Court on January 10, 2011. For the reasons contained herein, the motion is **denied.**

**I.     <u>BACKGROUND</u>**

    The parties entered into a franchise agreement on May 30, 2008 which gave Defendant the right to operate a 178 room Wyndham hotel in Overland Park, Kansas for a twenty year period. The franchise agreement contained a lengthy addendum which detailed improvements and renovations that Wyndham required the franchisee to perform according to a fixed schedule. On October 14, 2008, as per the franchise agreement, a representative of Plaintiff made an inspection of the hotel property that was operated pursuant to the franchise agreement, and allegedly found problems with

both financial and quality compliance, and reported that Defendant was in violation of the requirement that he operate the facility in compliance with Wyndham's system standards. Defendant was given notice by letter, and was instructed to cure the alleged deficiencies within 30 days. On December 18, 2009, Plaintiff sent Defendant a notice of default. Default was entered by the clerk of the Court on July 20, 2010, and a second request for default was entered on December 15, 2010. In the interim, Defendant engaged local counsel to attempt a negotiated settlement. Those negotiations apparently continued without success from May until December 7, 2010, at which point Plaintiff notified Defendant's attorney by e-mail that a settlement was no longer possible, and that the Court had directed Plaintiff to seek default or have the complaint dismissed.. On December 14, 2010 Defendant's was sent copies of Plaintiff's Notice of Motion for Judgment by Default and Statement in lieu of Brief, in addition to declarations of Lisa M. Gonzalo and Suzanne Fenimore, and a proposed form of final judgment. Defendant avers that he misunderstood the Notice, which indicated the motion date as January 18, 2011, and believed he had until that date to reply. On January 10, 2011 this Court entered Final Judgment and an Order granting Plaintiff's motion for default judgment in the amount of $381,541.64. The Court, in an Opinion and Order filed on March 1, 2011, refused to vacate the entry of default judgment based in large part on the lack of a meritorious defense. The instant motion followed.

**II.     STANDARD OF REVIEW**

Motions for reconsideration are governed by L. Civ. R. 7.1(i).  See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  A motion pursuant to Local Rule 7.1(i) may be granted if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or

2

prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). In other words, a motion for reconsideration is not an appeal. It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).

**III.    DISCUSSION**

Defendant argues that the Court's decision pursuant to Fed. R. Civ. P. 60 was erroneous because the Court ought to have applied the somewhat less stringent standard imposed by Fed. R. Civ. P. 55(c) because default judgment was entered before the motion date, but after the date for responsive pleadings had passed.. The plain language of Rule 55(c) states that "the court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)" Defendant did not appear in this case until after default judgment had been entered, thus making Rule 55(c) inapplicable as a matter of law. Moreover, even if the Court were to ignore the plain language, and grant that Defendant's confusion led him to defend only after judgment had been entered, the Court does not find sufficient "good cause" even pursuant to Rule 55 (c).

Defendant further argues that the Court failed to consider "alternative sanctions in compliance with the Third Circuit's decision in *Emcasco Insurance Company v. Sambrick,* 834 F. 2d (3d Cir. 1987), such as to allow Defendants an opportunity to demonstrate a meritorious

defense."(Defendant's Motion for Reconsideration, p.2 ) In fact, in *Emcasco*, the court specifically found that "there was no consideration given to whether Sambrick's proffered answer raised a potentially meritorious defense." Such is not the case here where the Court examined the nine defenses offered by Defendant and found them utterly lacking and unsubstantiated.

As previously detailed, this is a motion for reconsideration of a decision on the merits. There has been neither a change in the controlling law, or a misapplication of it. Defendants have supplied no new evidence to support their contentions. The Court would have welcomed some evidence of a meritorious defense, and certainly did nothing to hamper Defendant's ability to present one. Instead, Defendant filed a bare bones and conclusory defense that was in no way sufficient. As the Court previously explained, "the threshold issue in opening a default judgment is whether a meritorious defense has been asserted. *Hritz v. Woma Corp*. 732 F.2d 1178, 1181 (C.A.Pa.,1984) Defendants do not "have the right to have a default judgment set aside automatically upon alleging a defense." *Harad,* 839 F.2d at 982. Our standard is more stringent; it requires a defendant to "set forth with some specificity the grounds for his defense." *Id.* We then look at the substance of that defense to determine whether it is meritorious." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.* 175 Fed.Appx. 519, 522, 2006 WL 623074, 2 (C.A.3 (Pa. (C.A.3 (Pa.),2006).   In fact, for purposes of the instant motion, the Court went back over the documents submitted by Defendant in his original moving papers. The Court notes that on December 7, 2010 Defendant's local counsel wrote that "you are advised to seek litigation or bankruptcy counsel." He also forwarded an e-mail sent by Plaintiff to Defendant's local counsel that clearly stated "the Court is directing us to move for entry of default as to Chaudhary and for default judgment against both defendants within 14 days." While the Court

acknowledges Defendant's evident confusion over the motion date, and the necessity of filing an answer before January 3, 2011, the Court finds that Defendant had adequate and timely notice of the need to defend himself in this action in New Jersey. In the absence of communication from counsel, the Court might have been able to find the neglect excusable, but under the circumstances, it is not. While the Court regrets that the result is harsh, Defendant certainly knew what was at stake, and had every opportunity from December 7, 2010 until January 10, 2011 to defend. It is particularly troublesome to the Court's effort to find a valid excuse that Defendant ignored the advice of his local counsel and did not ask him to stay on, or suggest a replacement, for purposes of the default action. Defendant clearly knew how to obtain local counsel for settlement purposes, so his failure to do so to avoid a default judgment for more than a month, the holidays not withstanding, does not rise to the level of excusable neglect, mistake or inadvertence. Rule 60 does not require the imposition of alternate sanctions, and the Court declines to consider any because Defendant has shown nothing to suggest that a meritorious defense exists either in the underlying action, or in the failure to avoid the result Defendant now complains of.

### IV.     CONCLUSION

For the foregoing reasons, Defendants' motion to reconsider pursuant to Local Civ. R. 7.1 is **denied.** An appropriate order follows this opinion.

 S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date:   April   25 , 2011
cc: Counsel of Record
     Hon. Joseph A. Dickson, U.S.M.J.